**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4771**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE HERNANDEZ RIVERA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00385-WO-1)

Submitted:  July 29, 2021                                          Decided:  August 3, 2021

Before KING, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Hernandez Rivera pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and the district court sentenced him to 180 months' imprisonment. On appeal, Rivera argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires the Government to prove that the defendant knew he was barred from possessing a firearm by virtue of his § 922(g) status and therefore the district court erred by accepting Rivera's guilty plea without informing him of this element. We affirm.

To the extent Rivera seeks to challenge a defect in the criminal information to which he pleaded guilty, he has waived that argument. *See United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (internal quotation marks omitted)). To the extent Rivera challenges the validity of his guilty plea, and to the extent that challenge is not also waived, Rivera's argument lacks merit. *See United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (holding that § 922(g) does not require the Government to prove defendant knew he was prohibited from possessing a firearm).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*